IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,
Plaintiff,

v.

BIGLARI HOLDINGS, INC.
Suite 400
17802 IH 10 West
San Antonio, TX 78257

Defendant.

Civil Action No.

COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING REQUIREMENTS OF THE HART-SCOTT-RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the Attorney General of the United States and at the request of the Federal Trade Commission, brings this civil action to obtain monetary relief in the form of civil penalties against Defendant Biglari Holdings, Inc. ("Biglari Holdings"). Plaintiff alleges as follows:

## I. NATURE OF THE ACTION

1. Biglari Holdings violated the notice and waiting requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a, ("HSR Act" or "Act") in June of 2011 when it acquired voting securities of Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") in excess of the threshold for filing established by the HSR Act. Although the HSR Act contains an exemption from notice and waiting requirements for certain acquisitions "solely for the purpose of investment," Biglari Holdings' acquisitions did not come within that exemption.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the Defendant and over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355.

3. Venue is properly based in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## III. THE DEFENDANT

4. Defendant Biglari Holdings is a corporation organized under the laws of Indiana with its principal office and place of business at 17802 IH 10 West, Suite 400, San Antonio, TX 78257. Biglari Holdings is a diversified corporation and is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Biglari Holdings had total assets in excess of $131.9 million.

## IV. OTHER ENTITIES

5. Cracker Barrel is a corporation organized under the laws of Tennessee with its principal place of business at 1305 Hartmann Drive, Lebanon, TN 37087. At all times relevant to this complaint, Cracker Barrel was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Cracker Barrel had total assets in excess of $13.2 million.

## V. THE HART-SCOTT-RODINO ACT AND RULES

6. The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Federal Trade Commission and the Department of Justice ("federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). The notification and waiting period are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with an opportunity to investigate proposed transactions and to determine whether to seek an injunction to prevent the consummation of transactions that may violate the antitrust laws.

7. At all times relevant to this complaint, the HSR Act required, inter alia, an acquiror with total assets in excess of $131.9 million who, as a result of an acquisition, would hold voting securities in excess of $66 million of an issuer with total assets in excess of $13.2 million, to file premerger notification and report forms with the federal antitrust agencies and to observe the required waiting period before making the acquisition, unless otherwise exempted.

8. Section (c)(9) of the HSR Act, 15 U.S.C. § 18a(c)(9), exempts from the requirements of the HSR Act acquisitions of voting securities "solely for the purpose of investment" if, as a result of the acquisition, the securities held do not exceed 10 per cent of the outstanding voting securities of the issuer.

9. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), Rules were promulgated to carry out the purposes of the HSR Act. These Rules, among other things, define terms contained in the HSR Act.

10. Section 801.1(i)(1) of the Rules, 16 C.F.R. § 801.1(i)(1), defines the term "solely for the

purpose of investment" as follows:

> Voting securities are held or acquired "solely for the purpose of investment" if the person holding or acquiring such voting securities has no intention of participating in the formulation, determination, or direction of the basic business decisions of the issuer.

11. Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation. The maximum amount of civil penalty is $16,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed. Reg. 857 (Jan. 9, 2009).

## VI. VIOLATION

12. On May 23, 2011, Biglari Holdings held 100 shares of the voting securities of Cracker Barrel. On May 24, 2011, Biglari Holdings began acquiring additional shares of voting securities of Cracker Barrel. Biglari Holdings acquired Cracker Barrel voting securities every day the stock market was open through June 13, 2011.

13. On June 8, 2011, Biglari Holdings acquired Cracker Barrel voting securities which, when aggregated with the Cracker Barrel voting securities it already held, resulted in it holding in excess of $66 million of Cracker Barrel voting securities. Biglari Holdings continued to acquire Cracker Barrel voting securities through June 13, 2011.

14. The acquisitions of Cracker Barrel voting securities by Biglari Holdings described in Paragraph 13 above were subject to the notification and waiting period requirements of Sections (a) and (b) of the HSR Act, unless otherwise exempt under the statute.

15. Biglari Holdings did not file and observe the waiting period under the HSR Act prior to making the acquisitions described in Paragraph 13 above.

16. On June 13, 2011, Biglari Holdings filed a Form 13D with the SEC, disclosing its holdings in Cracker Barrel.

17. On June 14, 2011, Sardar Biglari, Chairman and CEO of Biglari Holdings, placed a call to the CEO of Cracker Barrel. On June 15, 2011, Mr. Biglari spoke with the CEO and CFO of Cracker Barrel. During the phone conversation, Mr. Biglari stated that he had ideas to improve shareholder value at Cracker Barrel and requested an in-person meeting.

18. On June 23, 2011, Mr. Biglari and Phil Cooley, Vice Chairman of Biglari Holdings, met with the CEO and CFO of Cracker Barrel. During the meeting, Mr. Biglari stated that he had ideas to improve traffic at Cracker Barrel and requested that he and Mr. Cooley immediately be appointed to the board of directors of Cracker Barrel.

19. On August 26, 2011, Biglari Holdings filed under the HSR Act to acquire additional voting securities of Cracker Barrel. Early termination of the waiting period, as provided by the HSR Act and Rules, was granted on September 22, 2011.

20. Biglari Holdings' acquisitions of Cracker Barrel voting securities described in Paragraph 13 above were not exempt under the HSR Act's "solely for the purpose of investment" exemption. Biglari Holdings' intent during the June 8 - June 13, 2011 time period that those acquisitions were made included "participating in the formulation, determination, or direction of the basic business decisions" of Cracker Barrel, as evidenced, inter alia, by Mr. Biglari, on June 23, 2011, having requested two seats on Cracker Barrel's board in a meeting with the CEO and CFO of Cracker Barrel, as described in Paragraphs 17-18 above.

21. Biglari Holdings violated the HSR Act when it made the acquistions of Cracker Barrel

stock described in Paragraph 13 above, and Biglari Holdings was in continuous violation of the HSR Act during the period beginning on June 8, 2011, when it acquired Cracker Barrel stock that resulted in it holding in excess of $66 million, and ending on September 22, 2011, when the waiting period triggered by its August 26, 2011 HSR filing expired.

## PRAYER

WHEREFORE, Plaintiff prays:

1. That the Court adjudge and decree that the acquisitions by Defendant Biglari Holdings of Cracker Barrel voting securities from June 8 through June 13, 2011, were made in violation of the HSR Act, 15 U.S.C. § 18a; and that Defendant Biglari Holdings was in violation of the HSR Act each day from June 8, 2011, through September 22, 2011.

2. That the Court order Defendant Biglari Holdings to pay to the United States an appropriate civil penalty as provided by the HSR Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed. Reg. 857 (Jan. 9, 2009).

3. That the Court order such other and further relief as the Court may deem just and proper.

4. That the Court award the Plaintiff its costs of this suit.

Dated: September 25, 2012.

FOR THE PLAINTIFF UNITED STATES OF AMERICA:

Joseph F. Wayland
Acting Assistant Attorney General

Department of Justice
Antitrust Division
Washington, D.C. 20530

Roberta S. Baruch
D.C. Bar No. 269266
Special Attorney

Kenneth A. Libby
Special Attorney

Federal Trade Commission
Washington, D.C. 20580
(202) 326-2687